

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALONZO W. FORD | CIVIL ACTION |
| VERSUS | NO. 06-1598 |
| BURL CAIN, WARDEN | SECTION "J"(4) |

## TRANSFER ORDER

Petitioner, ALONZO W. FORD, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his February 21, 1997 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1) The trial court erred in finding him to be a third felony offender and imposing a life sentence; the predicate offense was based on an invalid guilty plea.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Alonzo W. Ford v. N. Burl Cain, Warden</u>, Civil Action 03-0377 "J"(4). In that petition, petitioner raised the following grounds for relief:

1) The trial judge abused his discretion when he denied the motion to suppress;

2) The trial judge abused his discretion when he allowed certain jurors to be struck for cause;

3) The trial court abused his discretion in convicting him on insufficient evidence of possession with intent to distribute;

4) The trial court failed to inform the defendant at the habitual offender hearing of his right to remain silent, of his right to require the state to prove his identity and his right to a formal hearing;

5) The grand jury foreman selection process in Jefferson Parish was discriminatory and violated the Equal Protection clause of the United States and Louisiana Constitutions;

6) He was denied effective assistance of counsel;

7) Unlawful search and seizure.

That petition was dismissed with prejudice on the merits by Judgment entered April 26, 2004. Petitioner did not appeal that judgment.

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate

court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that ALONZO W. FORD's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 10th day of April, 2006.

*[signature]*
UNITED STATES DISTRICT JUDGE